1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11  BRYAN ROBERT MORRIESON,              )   Case No.: 1:17-cv-0632- JLT
                                         )
12              Plaintiff,               )   ORDER GRANTING COUNSEL'S MOTION
                                         )   FOR ATTORNEY FEES PURSUANT TO
13       v.                              )   42 U.S.C. § 406(b)
                                         )
14  ANDREW M. SAUL[1],                   )   (Doc. 23)
    Commissioner of Social Security,     )
15                                       )
                Defendant.               )
16  _____ )

17          Lawrence D. Rohlfing, counsel for Plaintiff Bryan Robert Morrison, seeks an award of attorney

18  fees pursuant to 42 U.S.C. § 406(b).  (Doc. 23)  Neither Plaintiff nor the Commissioner of Social

19  Security have opposed the motion.  For the following reasons, the motion for attorney fees is

20  **GRANTED**.

21  **I.       Relevant Background**

22          Plaintiff entered into a contingent fee agreement with Brian Shapiro, on behalf of the Law

23  Offices of Lawrence D. Rohlfing, on April 3, 2017.  (Doc. 23-1)  The agreement entitled counsel to an

24  award of "25% of the past due benefits" if judicial review of an administrative decision was required,

25  and the adverse decision of an ALJ was reversed. (*Id.* at 1) The agreement also required counsel to

26  "seek compensation under the Equal Access to Justice Act," and the amount awarded would be credited

27  _____

28          [1] This action was originally brought against Nancy A. Berryhill in her capacity as then-Acting Commissioner.
    (*See* Doc. 1)  Andrew M. Saul, who is now the Commissioner, has been automatically substituted as the defendant in this
    action. *See* Fed. R. Civ. P. 25(d).

                                          1

to Plaintiff "for fees otherwise payable for court work." (*Id.*)

On May 5, 2017, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits.  (Doc. 1)  The Court found the ALJ erred in evaluating the Plaintiff's residual functional capacity and failing to address an apparent conflict between vocational resources.  (Doc. 19 at 6-7)  In addition, the ALJ failed to resolve a conflict between the testimony of a vocational expert and the *Dictionary of Occupational Titles*.  (*Id.* at 7-10)  Thus, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (*Id.* at 12)  Following the entry of judgment in Plaintiff's favor (Doc. 20), the Court awarded $4,300 in attorney fees pursuant to the Equal Access to Justice Act.  (Doc. 22 at 1)

Upon remand, the administration issued a favorable decision, finding Plaintiff disabled beginning May 1, 2013.  (Doc. 23-2 at 2)  The Social Security Administration determined Plaintiff was entitled to benefits beginning October 2013.  (*Id.* at 1)  In total, Plaintiff was entitled to $106,446.00 in past-due benefits, from which the Commissioner withheld $26,611.50 for payment of Plaintiff's attorney's fees.  (*Id.* at 2; Doc. 23 at 4)

Mr. Rohlfing filed the motion now before the Court on April 16, 2020, seeking a portion of the fees, in the amount of $20,600.00.  (Doc. 23)  Mr. Rohlfing indicated he should also be directed to reimburse Plaintiff the amount of fees previously awarded under the EAJA.  (*Id.* at 3)  Plaintiff was served with the motion and informed of the right to file a response to indicate whether he agreed or disagreed with the requested fees within fourteen days.  (*Id.* at 2, 13)  To date, Plaintiff has not opposed the motion.

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

2

A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

### III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 23-1 at 1)  The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 34.36 hours while representing Plaintiff before the District Court.  (*Id.*; *see also* Doc. 23-3 at 1-2)  Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision.  For this, Mr. Rohlfing requests a fee of $20,600.00.  (Doc. 23 at 3)  Because counsel intends to refund the $4,300.00 that was previously paid under the EAJA, the net cost to Plaintiff is $16,300.00.  (*Id.* at 10)  Finally, although served with the motion and informed of the right to oppose the fee request (Doc. 23 at 2, 13), Plaintiff did not file oppose the request and thereby indicates his implicit belief that the total of the fee request is reasonable.

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct.  Plaintiff was able to secure a remand for payment of benefits following his appeal, including an award of past-due benefits. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b), the amount withheld by the administration for payment of fees, or the amount agreed upon by counsel and Plaintiff.  (*See* Doc. 23-1)

///

1

### IV.      Conclusion and Order

2          Based upon the tasks completed and results achieved following the remand for further

3   proceedings, the Court finds the fees sought by Mr. Rohlfing and the Law Offices of Lawrence D.

4   Rohlfing are reasonable.  Accordingly, the Court **ORDERS**:

5          1.      Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of

6                  $20,600.00 is **GRANTED**;

7          2.      The Commissioner shall pay the amount directly to Counsel, the Law Offices of

8                  Lawrence D. Rohlfing; and

9          3.      Counsel **SHALL** refund $4,300.00 to Plaintiff Bryan Robert Morrison.

10

11   IT IS SO ORDERED.

12      Dated:   **May 11, 2020**                          **/s/ Jennifer L. Thurston**

13                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4